MEMORANDUM **
Narine Rafik Karapetyan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals’ order summarily affirming an immigration judge’s (“IJ”) decision denying her application for asylum, withholding of removal and protection under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We review the agency’s factual findings for substantial evidence, INS v. Elias-Zacarias, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We review de novo claims of constitutional violations in immigration proceedings, Ram v. INS, 243 F.3d 510, 516 (9th Cir.2001). We deny the petition for review.
Karapetyan’s equal protection challenge to the one year time limit on the filing of asylum applications lacks merit. See Hernandez-Mezquita v. Ashcroft, 293 F.3d 1161, 1163-65 (9th Cir.2002) (rejecting an equal protection challenge to statutory time limitation where such limitation served rational evidentiary purpose). Accordingly, Karapetyan’s asylum claim fails.
Substantial evidence supports the IJ’s conclusion that Karapetyan did not suffer past persecution on account of a protected ground, because Karapetyan initially testified that the issue of her sexual orientation did not arise during the course of her arrest, and that the police beat her only after she told them that she could not pay their extortion fee. See Elias-Zacarias, 502 U.S. at 482-84, 112 S.Ct. 812 (concluding that record did not establish persecution was on account of a protected ground). *637 Substantial evidence supports the IJ’s conclusion that, though the harassment and employment discrimination Karapetyan suffered was on account of her sexual orientation, it did not rise to the level of persecution. See Hoxha v. Ashcroft, 319 F.3d 1179, 1182 (9th Cir.2003). Accordingly, Karapetyan failed to establish past persecution. Further, the record does not compel the conclusion that it is more likely than not that Karapetyan faces persecution in Armenia, and accordingly, her -withholding of removal claim fails. See id. at 1184-85.
Substantial evidence supports the IJ’s denial of CAT relief because Karapetyan failed to establish it is more likely than not that she will be tortured if she returns to Armenia. See El Himri v. Ashcroft, 378 F.3d 932, 938 (9th Cir.2004).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.